FILED
SUPERIOR COURT
OF GUAM

2016 APR 11 PM 1: 33

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0500-15 |
| vs. | DECISION AND ORDER |
| JOSE JOHN ECLAVEA, | |
| Defendant. | |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Jose John Eclavea's ("Defendant") Motion to Suppress Evidence. Assistant Alternate Public Defender John P. Morrison represents Defendant, and Assistant Attorney General James C. Collins represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On August 28, 2015, Defendant was indicted with the following charges: (1) Importation of a Schedule I Controlled Substance (As a First Degree Felony); (2) Conspiracy to Import a Controlled Substance (As a First Degree Felony); (3) Conspiracy to Possess with Intent to Deliver a Schedule I Controlled Substance (As a First Degree Felony); and (4) Conspiracy to Possess a Schedule I Controlled Substance (As a Third Degree Felony). (Indictment, Aug. 28, 2015). These charges stem from the discovery of numerous packets of a suspected controlled substance in a package sent to Defendant through Federal Express mail

("Fed Ex"). (Decl. of James C. Collins, Magistrate's Compl., Aug. 21, 2015). This Court previously Denied Defendant's Motion to Dismiss Second, Third, and Fourth Charge of Indictment, Motion to Dismiss, and Motion for Defense Expert. *See* Dec. & Order, May 13, 2016; Dec. & Order, Jun. 9, 2017. This matter has continued to come before the Court for Further Proceedings since the issuance of the last Decision and Order, with the parties indicating that plea negotiations were ongoing.

On December 7, 2017, Defendant filed a Motion to Suppress Evidence. On January 3, 2018, the Government filed its Opposition. The parties represented to the Court that the Motion would be held in abeyance pending continued plea negotiations. On February 27, 2018, counsel for Defendant indicated to the Court that Defendant was not intended on proceeding with plea negotiations, and that he wished to proceed with the Motion to Suppress instead. The parties agreed that that matter could be taken under advisement on the briefing, and that Defendant would file a Reply to the Government's Opposition within a week. The Court indicated it would take the matter under advisement upon receipt of Defendant's Reply, and set a Further Proceedings for April 9, 2018. No Reply was filed.

## DISCUSSION

Defendant moves the Court to suppress evidence seized in this matter because the initial search of the Fed Ex package was unconstitutional and that there was an impermissible delay in the delivery of the package. *See generally*, Mot. Suppress, Dec. 7, 2017. The Government opposes, arguing that there is no basis under the Fourth Amendment for either argument. *See generally*, Opp'n, Jan. 3, 2018.

As the parties submitted on their pleadings, no evidence was taken by the Court pertaining to the events that led to the search of the Fed Ex package. Thus, in disposing of this motion, the Court is left only with the facts as submitted by both parties in pleadings, to the extent that they are undisputed.

On August 17, 2015, a package addressed to Defendant from New York via Fed Ex was inspected by Customs Officer Eugene McDonald ("Officer McDonald") at the Guam Customs and Quarantine Air Cargo Facility. Officer McDonald found numerous packages inside the

package marked as "Scooby Snax." Officer McDonald applied a chemical field test to some of the packages to determine if the contents of the package were Marijuana, which resulted in negative results. Customs and Quarantine Officer Henry James ("Officer James") was contacted, and he viewed the items and secured the package and its contents. Officer James conducted an internet search which indicated to him that "Scooby Snax" was a name under which synthetic marijuana or "spice" was often marketed in the United States.

Later that day, Fed Ex employees informed Guam Customs and Quarantine that Defendant appeared at the Fed Ex office in person and also via phone inquiring about his parcel. Customs officers conducted a controlled delivery of the package to Defendant on August 19, 2015. Defendant was interviewed and subsequently arrested.

The items in question have since been tested by the U.S. Drug Enforcement Agency ("DEA") and the laboratory analysis report indicates that certain compounds present in the substances tested were found that have been identified by the federal government as synthetic cannabinoids. *See* Dec. & Order at 3-4, Jun. 9, 2017.

**Warrantless Search of Package**

The first issue before the Court is whether the initial search and seizure of the package was lawful under the Fourth Amendment. The Fourth Amendment to the U.S. Constitution guarantees "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It is made applicable to Guam via section 1421(b)(c) of the Organic Act of Guam. *People v. Chargualaf*, 2001 Guam 1 ¶ 4. "Letters and other sealed packages are in the general class of effects in which the public has a legitimate expectation of privacy; warrantless searches of such effects are presumptively unreasonable." *United States v. Jacobsen*, 466 U.S. 109, 114 (1984). "Postal authorities may seize and detain packages if they have a reasonable and articulable suspicion of criminal activity." *United States v. Aldaz*, 921 F.2d 227, 229 (9th Cir. 1990). As no evidence was taken in this matter, the Court only has the undisputed facts presented to it in Defendant's Motion and the Government's Opposition. None of the facts presented indicate to the Court that Officer McDonald had a

reasonable and articulable suspicion that the Fed Ex package addressed to Defendant contained contraband or evidence of criminal activity.

The Fourth Amendment does not require warrants for stops and searches at the national borders, however, because the sovereign and its public officials have "authority to conduct routine searches and seizures at the border, without probable cause or warrant, in order to regulate the collection of duties and to prevent the introduction of contraband into [the United States]." *United States v. Montoya de Hernandez*, 473 U.S. 531, 537-38 (1985) (citing *United States v. Ramsey*, 431 U.S. 606, 616-17 (1977)). Thus, border searches of incoming packages may be initiated without a warrant, probable cause, or even articulable suspicion. *See id* at 538; *United States v. Sutter*, 340 F.3d 1022, 1025 (9th Cir. 2003); *United States v. Ani*, 138 F.3d 390, 392 (9th Cir. 1998). *See also Ramsey*, 431 U.S. at 618-19 ("Import restrictions and searches of persons or packages at the national border rest on different considerations and different rules of constitutional law from domestic regulations."). Guam law also provides that customs officers have the authority to conduct searches pursuant to 5 G.C.A. § 73102.[1]

Defendant argues that the border exception does not apply in this matter because "the package at issue was shipped from the United States to an address within the United States." (Mot. Suppress at 3). Guam, however, has a unique customs relationship with the United States.

> Guam is not part of the United States customs territory, and has its own customs zone. Imports into Guam are not governed by the Tariff Act of 1930, and Guam has its own customs administration. Thus, although Guam is geopolitically part of the United States, an item passing from the United States into Guam leaves one

---

[1] Under Guam law, any customs officer may:

(1) arrest persons who violate a prohibition contained in Article 6 of Title 9 GCA Chapter 67;
(2) make seizures of any controlled substance imported into Guam in violation of Article 6 of Title 9 GCA Chapter 67;
(3) arrest persons who violate a prohibition contained in Chapter 47 of Title 9 GCA; and
(4) make seizures of any forged or counterfeit goods imported into Guam in violation of Chapter 47 of Title 9 GCA.

5 G.C.A. § 73102.

customs territory, and its administration, and enters another. It therefore makes sense that, for purposes of Guam customs law, any item arriving in Guam from outside of Guam – even if coming from the United States – is subject to customs inspection.

. . .

Because Guam has its own customs zone and a different definition of "imported," importation into the United States under 21 U.S.C. § 952 and importation into Guam under Guam's customs laws are not analogous. Guam is part of the United States for purposes of federal drug law, but not for customs purposes.

*United States v. Rowland*, 464 F.3d 899, 904-906 (9th Cir. 2006) (internal citations omitted). The Court finds that Guam customs officers may conduct warrantless searches under the border exception, and will not grant Defendant's Motion to Suppress on that ground.

**Delay of Package Delivery**

The next issue before the Court is whether the delay of the package was reasonable. There is a discrepancy between the parties as to whether there was a two or three day delay. Defendant argues that "Customs and Quarantine secured a nondescript parcel in storage for three days while its recipient did everything possible to retrieve it," which was a violation of Defendant's possessory interest in a timely delivery. (Mot. Suppress at 4-5). According the Government, the two-day delay was due to "arranging the controlled delivery of the package to [Defendant], based on [Defendant's] rejection of a delivery of the package to a residence." (Opp'n at 6).

The Court finds that regardless of whether the delay was two or three days, the delay was due to continued investigation and controlled delivery of the package to Defendant after the discovery of the "Scooby Snax" packages pursuant to a border search. The delay was not necessarily in the processing of the package by the mailing service, or to obtain a search warrant to search the package. As the Government points out in its Opposition, courts have found that delays of several days due to planning logistics for controlled deliveries are not a basis for suppression. *See United States v. Hernandez*, 313 F.3d 1206 (9th Cir. 2002) (two day delay from package arrival, processing, and controlled delivery found reasonable); *United States v. Aldaz*, 921 F.2d 227 (9th Cir. 1990) (five day delay found reasonable); *United States v. Gill*,

921 F.2d 227 (9th Cir. 1990) (six day delay found reasonable). Accordingly, the Court finds that delay in this matter was reasonable, and denies Defendant's Motion to Suppress.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Suppress.

**IT IS SO ORDERED** this 11th day of April, 2018.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: _AG. APO_
Date: 4/11/18  Time: 5pm
Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

*People v. Eclavea*
Case No.CF0500-15
Decision and Order